# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

April 8, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MONONGALIA GENERAL HOSPITAL,**
**Employer Below, Petitioner**

**vs.)   No. 12-1145** (BOR Appeal No. 2047120)
                              (Claim No. 2011002589)

**MONICA CARPER,**
**Claimant Below, Respondent**


## MEMORANDUM DECISION

Petitioner Monongalia General Hospital, by Matthew L. Williams, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Monica Carper, by M. Jane Glauser, her attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 27, 2012, in which the Board affirmed an April 13, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's January 3, 2011, decision closing the claim for temporary total disability benefits. The Office of Judges also reversed two April 27, 2011, claims administrator decisions denying a request to add C6-7 herniated disc as a compensable component of the claim and denying authorization for a C6-7 posterior laminectomy and discectomy. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Carper worked for Monongalia General Hospital as a housekeeper. On July 20, 2010, Ms. Carper suffered an injury to her right arm, shoulder, and cervical spine while reaching over her head to dust a light fixture. Ms. Carper was initially diagnosed with a shoulder sprain and rotator cuff syndrome. The claims administrator held Ms. Carper's injury compensable for a right shoulder strain. Ms. Carper initially received physical therapy at HealthWorks for her

1

compensable injury. She had difficultly tolerating the activities and was noted to have symptoms along her C7 nerve root. Ms. Carper then came under the care of J. David Lynch, M.D., who found that Ms. Carper had severe pain radiating from her right wrist to her shoulder. Dr. Lynch found that this pain began immediately at the time of the injury but also found that Ms. Carper had no neck pain. Dr. Lynch then had an MRI taken of Ms. Carper's cervical spine which revealed a large disc protrusion at the C6-7 disc compromising the right C7 nerve root. Dr. Lynch found that Ms. Carper's significant shoulder and right arm pain appeared to be related to her herniated cervical disc. Dr. Lynch noted that the mechanics of the injury were unusual but it appeared to be possible that Ms. Carper could have received a herniated cervical disc from her compensable injury. Sanford Emery, M.D., also treated Ms. Carper. He believed that Ms. Carper was a good candidate for surgical evaluation and recommended that she receive C6-7 posterior laminectomy and discectomy to repair her herniated disc. On December 28, 2010, Mohammed Ranavaya, M.D., performed an independent medical evaluation of Ms. Carper and found that the C6-7 disc protrusion was not reasonably and causally related to her work injury. He then found that Ms. Carper had reached her maximum degree of medical improvement.

On January 3, 2011, the claims administrator closed Ms. Carper's claim for temporary total disability benefits effective on December 28, 2010. On April 27, 2011, the claims administrator then issued two decisions denying the addition of C6-7 herniated disc as a compensable condition and denying authorization for a C6-7 posterior laminectomy and discectomy. Bill Hennessey, M.D., then performed an independent medical evaluation and found that Ms. Carper's disc herniation was not work related. He found that the mechanism of the injury was not consistent with the development of a disc herniation. On April 13, 2012, the Office of Judges reversed the claims administrator's January 3, 2011, and both April 27, 2011, decisions. The Office of Judges added C6-7 herniated disc as a compensable condition, authorized a C6-7 posterior laminectomy and discectomy, and granted additional temporary total disability benefits as substantiated by proper medical evidence. The Board of Review then affirmed the Order of the Office of Judges on August 27, 2012, leading Monongalia General Hospital to appeal.

The Office of Judges concluded that Ms. Carper was entitled to the addition of the diagnosis of C6-7 herniated disc as a compensable condition of the claim. The Office of Judges based this determination on the sudden onset of Ms. Carper's symptoms, which were consistent with a herniated cervical disc. The Office of Judges found that Ms. Carper was performing overhead dusting when she experienced an onset of symptoms. The Office of Judges found that the record was devoid of evidence of prior cervical problems. The Office of Judges considered the reports of Dr. Ranavaya and Dr. Hennessey who doubted that the mechanism of the injury could have resulted in a herniated cervical disc. But the Office of Judges found that Ms. Carper's account of the injury was consistent with a cervical herniation. The Office of Judges also concluded that Ms. Carper was entitled to authorization for a posterior laminectomy and discectomy to repair her herniated C6-7 disc. The Office of Judges found that Ms. Carper had exhausted various other forms of treatment and that Dr. Emery found her to be a good surgical candidate. Finally, the Office of Judges concluded that Ms. Carper had not reached her maximum degree of medical improvement with respect to her cervical disc herniation and had not returned to work at the time of the claims administrator's January 3, 2011, decision. The

Office of Judges found that Ms. Carper was entitled to temporary total disability benefits as substantiated by proper medical evidence. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Ms. Carper has presented sufficient evidence to establish a causal relationship between her C6-7 herniated disc and her compensable July 20, 2010, injury. The evidence in the record shows that Ms. Carper received this injury in the course of and resulting from her employment. Although Ms. Carper was initially diagnosed with a shoulder strain, since the date of her compensable injury she has exhibited symptoms consistent with a cervical disc herniation. Ms. Carper has given a consistent account of her injuries, and there is no evidence in the record that Ms. Carper had any prior cervical problems. Ms. Carper has also shown that the requested laminectomy and discectomy is medically related and reasonably necessary to repair her C6-7 herniated disc. Ms. Carper has presented enough evidence to show that she has exhausted alternative treatment options. Finally, Ms. Carper has demonstrated that she is entitled to additional temporary total disability benefits. She had not returned to work at the time of the claims administrator's January 3, 2011, decision, and the evidence in the record shows that she continued to be temporary and totally disabled at that time.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  April 8, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3